IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL STRAND,

    Plaintiff,

v.                                            No. CIV 12-0435 MV/SMV

NARCOTICS DET. MACK
ALLINGHAM, NARCOTICS
DETECTIVE ERIC PADILLA,
POLICE CHIEF GARY GOLD,
CITY OF LAS VEGAS BOARD
OF COMMISSIONERS,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915A, 1367(a), (c), and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's New Mexico Tort Claim Pursuant to Chapter 41 of N.M.S.A. and Civil Rights Claim Pursuant to U.S.C. 42 § 1983, 42 § 1985, and 42 § 1986 (the "complaint"). Plaintiff originally filed his complaint in state court, and the Defendants removed the complaint to this Court. Defendants have not provided the state court record as required by D.N.M.LR-Civ. 81.1(a). They concede that they have been served, *cf.* 28 U.S.C. 1447(a) (allowing completion of service of process), but no Defendant has filed an answer to the complaint. Plaintiff is incarcerated and appears pro se. For reasons set out below, the Court will dismiss Plaintiff's federal claims and will remand his state law claims.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was convicted on state charges of selling crack cocaine. Plaintiff remains incarcerated. He alleges that his prosecution was based on the testimony of a confidential informant who was declared incompetent "[a]t the time the case was being made." He further asserts that "[b]ecause the case went to criminal trial this Plaintiff was not given an opportunity to test the authenticity of the informant's testimony, or was not allowed to cross examine the informant." Plaintiff contends that his conviction violates a number of his federal and state constitutional protections, and he seeks damages.

Plaintiff's federal claims for damages appear to call into question the constitutionality of the criminal conviction and sentence by which he is incarcerated. These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. The complaint does not allege that Plaintiff's conviction or sentence has been set aside, *see id*. at 486-87, and thus his allegations of illegal conviction fail to state a claim cognizable under § 1983. *See Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001); *but see Fottler v. United States*, 73 F.3d

1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). Plaintiff's federal claims for damages will be dismissed without prejudice.

Plaintiff's complaint also asserts state tort claims. In view of the dismissal of Plaintiff's federal claims, the question arises whether this Court should exercise jurisdiction of his state law claims. It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these claims. 28 U.S.C. § 1367(a). The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Here, the Court expresses no opinion of whether Plaintiff's allegations support state tort claims. "If, however, the parties have not shown they have spent a great deal of time on the state law claims, the 'district court should normally dismiss supplemental state law claims after all federal claims are dismissed . . . before trial.' " *Villalpando v. Denver Health and Hosp. Auth.*, 65 F. App'x 683, 688 (10th Cir. 2003) (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). The Court declines to exercise jurisdiction of Plaintiff's state law claims and will remand these claims to the state court.

IT IS THEREFORE ORDERED that Plaintiff's federal claims are DISMISSED without prejudice to rights he may have under the habeas corpus statutes, Plaintiff's state law claims are REMANDED to the New Mexico Fourth Judicial District Court, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE